## William H. Wohlberg, Appellee, v. Merchants Reserve Life Insurance Company, Appellant.

### Gen. No. 22,932.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed December 21, 1917.

### Statement of the Case.

Action by William H. Wohlberg, plaintiff, against Merchants Reserve Life Insurance Company, a corporation, defendant, to recover on two insurance policies payable to plaintiff as a creditor. From a judgment for plaintiff, defendant appeals.

ERNEST SAUNDERS, for appellant.

CHANNING L. SENTZ, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 69*—*when immaterial whether plaintiff is creditor of insured.* Whether plaintiff was a creditor of the insured,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

American Con. & Sup. Co. v. Speedway Park Assn., 209 Ill. App. 177.

in life policies made payable to plaintiff as a creditor, was irrelevant in a suit on such policies, where the insured took out the policies and paid the premiums thereon, as under such circumstances he could make them payable to a stranger.

2. APPEAL AND ERROR, § 367*—*when question not made an issue is not reviewable.* The question of breach of warranty as to statements in an insured's application for insurance not made an issue by the pleadings, was not reviewable, even though instructions were given thereon at defendant's request and even though plaintiff urged that the alleged warranties must be taken as representations, in an action to recover on the policy.

3. EVIDENCE, § 165*—*what constitute self-serving statements by an insured.* The admission to rebut defendant's evidence as to plaintiff's state of health at the time of delivery to him of an insurance policy sued on, of copies of his applications for insurance in other companies prior to his application for the policy sued on, and of the medical examiner's reports accompanying same, was prejudicial error, as such were self-serving statements and inadmissible, in an action to recover on the policy under an issue as to the applicant's prior state of health.